IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **P & P QUICKSETT SERVICES, INC.,**<br><br>Debtor. | BK. NO: 10-14705<br><br>Chapter 11 |

### RESPONSE TO DEBTOR'S MOTION TO APPROVE SETTLEMENT AGREEMENT BETWEEN DEBTOR AND PRESTIGE CAPITAL CORPORATION

The United States Trustee ("UST"), by and through counsel, hereby responds to the Debtor's Motion to approve a settlement agreement between Debtor and Prestige Capital Corporation (the "Motion"), stating:

1. On March 11, 2011, the Debtor filed the Motion, along with an Emergency Motion to Shorten Time. The Court granted the Emergency Motion to Shorten Time, allowing parties in interest through March 16, 2011 at 12:30 pm to respond.

2. The Motion generally provides for the settlement of the pre-petition secured claim of Prestige Capital Corporation ("Prestige), the entity with which Debtor has an ongoing pre- and post-petition factoring agreement. Specifically, monies have been deposited with the registry of the Court by C.W. Wright, a company for whom the Debtor did prepetition work. The receivables associated therewith were apparently factored by Prestige. The Debtor and Prestige have both asserted rights in the monies paid into the registry.

3. The UST has reviewed the Motion and has several concerns regarding the relief requested therein.

4. First, the nature of the dispute regarding who is entitled to the registry funds is not clear from Debtor's pleadings.

5. Also, the Motion is not supported by evidence or proof of the Debtor's conclusion. Rather, the Motion states that the Debtor has reviewed the matter and is satisfied that the amount being claimed by Prestige is accurate. In order for parties-in-interest and the Court to review this matter, the Debtor needs to provide support for its conclusion. None is provided in the Motion

6. The UST was advised of this pending settlement at least two weeks before the filing of the Motion, and at that time requested documentation to support the amount of Prestige's claim and an accounting of the factoring arrangement. Additionally, on March 11, 2011, within hours after the filing of the Motion, the UST sent an email request to Debtor's counsel asking for supporting documentation. No documents have been provided to the UST.

7. Additionally, it appears from the Motion that the Debtor is seeking to pay Prestige legal fees and costs, as well as to repay post-petition monies loaned to Debtor from the registry funds.

8. In the First Circuit case of *Jeffrey v. Desmond*, 70 F.3d 183 (1st Cir. 1995), taking its cues from the Supreme Court opinion in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 1157 (1968), pursuant to Fed.R.Bankr.P. 9019, the First Circuit has established a standard for determining whether a compromise is fair and equitable, including:

    i. The probability of success on the merits,
    ii. The difficulties, if any, to be encountered in the matter of collection,
    iii. The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it, and
    iv. The paramount interest of creditors and a proper deference to their reasonable views in the premises.

*Jeffrey*, at 185.

9. The Debtor, as the party proposing the compromise, has the burden of demonstrating that the compromise is fair and reasonable and should be approved by a preponderance of the evidence. *See in re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986); *In re Gunnallen* Financial, – B.R. –, 2011 WL 379779 (Bankr.M.D. Fla. Feb. 4, 2011); In *re Hallet*, 33 B.R. 564, 565-66 (Bankr. D.Me. 1983).

10. While a mini-trial on the litigation is not required, the Court must understand the value of rights being relinquished and the value of what is being received in return. *See, e.g., In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798 (E.D. Pa. 1986).

11. The UST and parties in interest are not in a position to address these issues because the Debtor has not provided proper support for the proposed settlement. The nature of the underlying dispute between the Debtor and Prestige is not addressed in the Motion, nor in the objection filed in the adversary proceedings referenced therein.

12. Accordingly, the settlement as currently presented should not be approved, without prejudice to the Debtor's right to provide proper evidence and support for the proposed resolution.

WHEREFORE, the United States Trustee respectfully requests that the Court deny the Motion, without prejudice to the Debtor's right to amend or refile, and for such other and further relief as is just and equitable.

                                                Respectfully submitted,

                                                WILLIAM K. HARRINGTON
                                                United States Trustee

By:   /s/ *Sandra Nicholls*
        Sandra Nicholls
        Trial Attorney
        U.S. Department of Justice

Office of the U.S. Trustee<br>
10 Dorrance Street, Suite 910<br>
Providence, RI 02903<br>
Telephone: (401) 528-5551<br>
Email: sandra.nicholls@usdoj.gov

Dated: March 15, 2011

### **CERTIFICATE OF SERVICE**

      I hereby certify that on March 15, 2011, I electronically filed the Response to Motion to Compromise with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System. The following participants are scheduled to receive notice electronically:

Joseph Avanzato javanzato@apslaw.com, vlanctot@apslaw.com
Timothy K. Baldwin tbaldwin@nixonpeabody.com, bos.managing.clerk@nixonpeabody.com, proefile@nixonpeabody.com
Mark E. Barnett mbarnett@national-lumber.com, dsimoes@national-lumber.com
Athanasios Basdekis tbasdekis@baileyglasser.com
Charles R. Bennett crb@murphyking.com, bankruptcy@hanify.com; agl@murphyking.com; icm@murphyking.com
Andrew R. Bilodeau abilodeau@cdandblaw.com
Kelly A Carden kjohnson@cdandblaw.com
Mark W Freel mfreel@eapdlaw.com, slanoue@eapdlaw.com
A. Neil Hartzell neil.hartzell@leclairryan.com, thomas.mccraw@leclairryan.com
Michelle Hawes michelle@kdlawri.com
Stefanie D. Howell showell@mclaughlinquinn.com, phorton@mclaughlinquinn.com; aferris@mclaughlinquinn.com
Vincent A. Indeglia vincent@indeglialaw.com, betty@indeglialaw.com; VAIndeglia@frlawri.com
Lynda L. Laing lynn@straussfactor.com, straussfactorlaw@cs.com
Richard J. Land rland@wszlaw.com, joyce.gauthier@wszlaw.com; acranston@wszlaw.com; slevesque@wszlaw.com
Ari Newman newmanar@gtlaw.com, mialitdock@gtlaw.com
Theodore Orson torson@orsonandbrusini.com
Joan E. Pilver Joan.Pilver@ct.gov
Thomas P. Quinn tquinn@mclaughlinquinn.com, phorton@mclaughlinquinn.com
Russell D. Raskin mail@raskinberman.com, raskinberman@gmail.com
W. Mark Russo mrusso@frlawri.com, wsmith@frlawri.com
Genevieve P Salvatore gsalvatore@salvatorelawfirm.com
James R. Simmons jsimmons@nadeausimmons.com, jrouette@nadeausimmons.com
Linda Genero Sklaren lsklaren@wbcsk.com

/s/ <em>Sandra Nicholls</em><br>
Sandra Nicholls