UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re: :
:
P & P "QUICK-SETT" SERVICES, INC. : Chapter 11
    Debtor : 10-bk-14705
:

## ROANOKE CEMENT COMPANY, LLC'S MEMORANDUM IN OPPOSITION TO P&P "QUICK-SETT" SERVICES, INC.'S MOTION TO APPROVE SETTLEMENT AGREEMENT

Roanoke Cement Company, LLC ("Roanoke") hereby opposes Debtor P & P "Quick-Sett" Services, Inc.'s ("P & P" or "Debtor") Motion to Approve Settlement Agreement between P&P "Quick-Sett" Services, Inc. and Prestige Capital Corporation Pursuant to Bankruptcy Rule 9019 [Dkt. No. 229].

### I. INTRODUCTION

Apparently realizing that its motion for summary judgment in the adversary proceeding among Debtor, C.W. Wright Construction Company, Inc. ("CWW") and Roanoke, among others [Case 1:10-ap-01098], is likely to fail, P & P attempts to do an end run around the adversary proceeding entirely by asking this Court to approve a settlement that would have CWW place the disputed Subcontractor Balance into the Registry only to be immediately disbursed to Prestige Capital Corporation ("Prestige"). Neither P & P nor Prestige has the right to possess those funds; thus, this Court should not approve any settlement whereby P & P and Prestige agree to a disposition of money neither is entitled to and which would severely prejudice the rights of other parties in the adversary proceeding.

## II. ARGUMENT

### A. P & P Has Not Met Its Burden of Establishing that the Settlement Agreement is Fair and Reasonable

P & P has not presented any evidence to support its proposed settlement. P & P acknowledges that the Court must consider four factors prior to approving settlement: (1) probability of success in the litigation; (2) the difficulties to be encountered in the matter of collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of creditors and proper deference to their reasonable views. *In re Hydronic Enterprise, Inc.*, 58 B.R. 363 (Bankr. D.R.I. 1986). P & P, however, addresses none of these factors, instead making the conclusory statement that all factors favor settlement. Given that it is P & P's burden by a preponderance of the evidence to demonstrate that the settlement is fair and reasonable, s*ee, e.g., In re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986), Debtor's failure to make any such showing is fatal to its motion.

Indeed, the only document P & P does present (other than the proposed settlement agreement) undermines its motion. P & P attaches its Purchase and Sale Agreement with Prestige as Exhibit B. Paragraph 1 of that agreement provides, *inter alia*, that Prestige buys and P & P sells its right to "those ***specific*** accounts receivable owing to Seller as set forth on the assignment forms provided by Prestige." (Emphasis added.) The "assignment forms" purportedly containing the accounts assigned are not attached to P & P's filing. Nor does P & P submit any other evidence that the money held by CWW for the benefit of the sub-subcontractors is among the specific accounts receivable assigned. It is notable, however, that the Purchase and Sale Agreement was executed in August 4, 2008. Roanoke's contract with P & P was not executed until October 1, 2008, and the money owed to Roanoke is for materials supplied in 2010. Although Paragraph 19 of

2

the Purchase and Sale Agreements permits future assignments, P & P does not even allege—let alone prove—that the account receivable for money owed to Roanoke was assigned to Prestige. Even if it were, as discussed below, such assignment would have been in violation of Virginia law that forbids P & P from using funds for any purpose other than to pay Roanoke, among others.

The fact is that ownership of the so-called "Undisputed" Subcontractor Balance is disputed. As this Court is well aware, the funds held by CWW in the amount of $642,626 are the subject of an adversary proceeding to which CWW, the general contractor on the Project; P & P, CWW's subcontractor; and several of P & P's sub-subcontractors, including Roanoke, are parties. In that proceeding, as demonstrated by the motions practice to date, ownership of the Subcontractor Balance is very much at issue, and the facts are disputed among the parties. Specifically, the funds CWW holds are owed to P & P for work performed and/or materials supplied by several of P & P's sub-subcontractors, including Roanoke. While it is presently unclear (without discovery on the issue), it does not appear from CWW's filings that P & P is entitled to retain *any* monies it receives. However, rather than seek to have it paid, to the sub-subcontractors who performed the work and enriched the Project, P & P seeks to redirect that money to its "factor" Prestige, which P & P contends (but fails to prove) purchased P & P's right to receive money from CWW. Roanoke believes that P & P did not have any rights to transfer to Prestige in connection with the Subcontractor Balance. Thus, the Court should decline to sanction this settlement that attempts to circumvent the adversary proceedings initiated for the specific purpose of resolving the issue of ownership of the funds.

### B. Debtor and Prestige Cannot Agree to Disregard the Law

Most troubling about P & P's motion is that it asks the Court to approve a settlement that circumvents statutory law. Pursuant to Va. Code § 43-13, entitled "Funds paid to general contractor or subcontractor must be used to pay persons performing labor or furnishing material",

> Any...subcontractor...who shall, with intent to defraud, retain or use the funds...paid by...the contractor...to a subcontractor...for any other purpose than to pay persons...furnishing material...shall be guilty of larceny in appropriating such funds for any other use while any amount for which the contractor or subcontractor may be liable or become liable under his contract for such labor or materials remains unpaid...

The statute further provides that mere use of monies paid to P & P under the subcontract with CWW before paying Roanoke "***shall be prima facie evidence of intent to defraud.***" Va. Code § 43-13 (emphasis added.) Thus, under Virginia law, once P&P receives payment from CWW, P & P must pay its subcontractors what they are owed.

Defrauding sub-subcontractors in violation of Virginia law is precisely what P & P asks the Court to approve. According to the Purchase and Sale Agreement between P & P and Prestige, P & P sold all of its rights to certain accounts receivable to Prestige. But, P & P and Prestige cannot simply agree to disregard Va. Code § 43-13, especially when Va. Code § 43-11 imposes obligations and potential liability upon CWW where it receives notice that P & P failed to pay its sub-subcontractors and intends not to pay them. Essentially, P & P is asking this Court to authorize it to wrest money from CWW earmarked for P & P's sub-subcontractors to satisfy P & P's obligations unconnected to the Project and leave the sub-subcontractors with the option of receiving nothing or pursuing CWW, which is ostensibly attempting to comply with the law and do right by the sub-subcontractors that enriched the Project. The Court should reject P & P's machinations and

instead permit the adversary proceeding to follow its course and determine the parties' respective entitlement to the funds being held by CWW.

## III. CONCLUSION

For at least the foregoing reasons, the Court should deny Debtor's Motion to Approve Settlement.

                                            ROANOKE CEMENT COMPANY, LLC

                                            By Its Attorneys,

                                            /s/ Byron L. McMasters
                                            Stacey P. Nakasian (#5069)
                                            Byron L. McMasters (#7554)
                                            Duffy & Sweeney, Ltd.
                                            One Financial Plaza, Suite 1800
                                            Providence, RI 02903
                                            (401) 455-0700
                                            (401) 455-0701
                                            snakasian@duffysweeney.com
Dated: March 16, 2011                  bmcmasters@duffysweeney.com

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2011 I electronically filed a ***Memorandum in Opposition to P & P's Motion to Approve Settlement*** with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM-ECF System. The following are CM/ECF System participants in this case eligible to receive notice of the filing of such paper(s) electronically:

| | |
|---|---|
| Mark W. Freel<br>mfreel@eapdlaw.com | Stefanie D. Howell<br>showell@mclaughlinquinn.com |
| Vincent A. Indeglia<br>Vincent@indeglialaw.com | Jason T. Jacoby<br>jjacoby@hf-law.com |
| Richard J. Land<br>rland@wszlaw.com | Andrew Mauck<br>amauck@sthlawyers.com |
| Theodore Orson<br>torson@orsonandbrusini.com | W. Mark Russo<br>mrusso@frlaw.ri.com |
| Andrew P. Sherrod<br>asherrod@hf-law.com | |

I further certify that I have date served a copy of the above-referenced paper(s) on the following non CM/ECF participants by first class mail, postage prepaid, at the addresses noted below, or, where indicated, by facsimile or hand delivery:

/s/ Byron L. McMasters
Byron L. McMasters, Esq.

4850-9950-5673, v. 1