UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

IN RE:        P AND P "QUICK-SETT" SERVICES, INC.        BK No. 10-14705
                                                         Chapter 11
            Debtor

## OBJECTION TO EMERGENCY MOTION TO APPROVE SETTLEMENT AGREEMENT BETWEEN P&P "QUICK-SETT" SERVICES, INC. AND PRESTIGE CAPITAL CORPORATION

Now comes Rock Hill Sand & Gravel, Inc. d/b/a/ Gudelsky Materials ("Gudelsky") an unsecured creditor, and hereby objects to the Debtor's Emergency Motion to Approve Settlement Agreement between P&P "Quick-sett" Services, Inc. and Prestige Capital Corporation under Rule 9019. In support, Gudelsky states as follows:

1. Gudelsky concurs with all points made by the United States Trustee's Office in the Response dated March 15, 2011. The Motion to Approve Compromise and Memorandum in Support do not provide the Court or Creditors with sufficient information regarding the merits of the claims, defenses and probability of success of the litigation sought to be compromised.

2. Paragraph 10 of the Motion misstates the position of creditor Gudelsky. Prestige has not yet demonstrated that it holds a first priority security interest in the funds, nor have they demonstrated that no other creditor is entitled to those funds.

3. Furthermore, neither the instant Motion nor the Third Party Complaint appear to have been served on all interested parties. There are several Third Party Defendants who have not received notice of this settlement attempt and therefore have not been provided with an opportunity to object to Prestige's claim.

4. Ownership of the funds that are the subject of the settlement agreement is currently being disputed in two adversary proceedings. This settlement agreement appears to be an attempt to

circumnavigate the adversary proceedings and permit the Plaintiffs to reach an agreement amongst themselves without the participation of the Defendants.

5. Entitlement to the funds at issue is governed in part by Virginia law. The settlement agreement potentially violates Virginia Code §43-13, which states that, "[t]he use by any such contractor or subcontractor or any officer, director or employee of such contractor or subcontractor of any moneys paid under the contract, before paying all amounts due or to become due for labor performed or material furnished for such building or structure, for any other purpose than paying such amounts, shall be prima facie evidence of intent to defraud."

6. The settlement agreement provides that post-petition fees and claims will be paid to Prestige from pre-petition receivables or secured by the pre-petition receivables, which is expressly prohibited by the Consent Order entered on January 7, 2011.

WHEREFORE, for all the forgoing reasons, creditor Gudelsky objects to the Debtor's Emergency Motion to Approve Settlement Agreement Between P&P "Quick-sett" Services, Inc. and Prestige Capital Corporation.

|  |  |
|---|---|
|  | Rock Hill Sand & Gravel, Inc. d/b/a/ Gudelsky Materials<br>By its attorneys, |
| March 16, 2011 | /s/ Stefanie D. Howell<br>Stefanie D. Howell #7334<br>McLaughlin & Quinn, LLC<br>148 West River Street, Suite 1E<br>Providence, RI 02904<br>Tel: (401) 421-5115<br>Fax: (401) 421-5141<br>E-Mail: showell@mclaughlinquinn.com |