UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| P AND P "QUICK-SETT" SERVICES, INC. | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 1:10-BK-14705 |
| | ) | |

**PRESTIGE CAPITAL CORPORATION'S REPLY TO ROANOKE
CEMENTCOMPANY, LLC'S AND ROCK HILL SAND AND GRAVEL,
INC.'S OBJECTIONS TO P&P "QUICK-SETT" SERVICES, INC.'S
MOTION TO APPROVE SETTLEMENT AGREEMENT**

1. Prestige Capital Corporation ("Prestige") files this Reply ("Reply") to Roanoke Cement Company, LLC's ("Roanoke") and Rock Hill Sand and Gravel, Inc., d/b/a Gudelsky Materials' ("Gudelsky") memoranda in opposition (collectively, "Objections") to P&P "Quick-Sett" Services, Inc.'s ("P&P") Motion to Approve Settlement Agreement ("Motion"), and, in support, respectfully states as follows:

I.   INTRODUCTION

2. The settlement agreement ("Agreement") entered into by and between Prestige and P&P is fair and reasonable, as evidenced by the documentation P&P recently provided to the Assistant United States Trustee. Moreover, Prestige has assured the Assistant United States Trustee that Prestige will provide her with any other documentation that she may reasonably request to allay any concerns that she may have. The Assistant United States Attorney will recommend at the hearing today that the issues raised by Roanoke and Gudelsky be addressed by the Court today and that the hearing on the United States Trustee's limited objection be

1

continued for a short period of time so that she can complete her due diligence and prudently advise the Court of the United States Trustee's position.

3. Prestige is confident that after the Assistant United States Trustee's review of the documents, she will announce to the Court that she has no objection to the proposed settlement and that the Agreement is in fact fair and reasonable.

4. Roanoke's and Gudelsky's next argument in their Objections – that P&P and Prestige are civilly liable for allegedly violating a criminal statute – is simply a gross mischaracterization of Virginia law.

5. First, the statute that Roanoke and Gudelsky cite, Virginia Code § 43-13, does not provide private parties with a right of action against alleged violators. See Vansant and Gusler, Inc., v. Washington, 429 S.E. 2d 31(Va. 1993).

6. Second, § 43-13 creates a mere moral obligation, as "it contains no language creating a legal trust for the benefit of materialmen and laborers." Kayhoe Construction Corporation v. United Virginia Bank, 257 S.E. 2d 837, 839 (Va. 1979).

7. Third, this is a blatant attempt by Roanoke and Gudelsky to hide the fact that they simply failed to avail themselves of the appropriate statutory remedy – the filing of a mechanic's lien, as prescribed by Virginia Code §§ 43-1, et seq.

8. Accordingly, this Court should grant P&P's Motion to Approve Settlement, as same was entered into by and between Prestige and P&P.

## II. DISCUSSION

9. Roanoke and Gudelsky grossly misstate Virginia law when they assert that they have standing to challenge the Agreement under Code § 43-13.

10. First, there is no provision in § 43-13 for a private right of action.

2

11. The Virginia Supreme Court has made clear that § 43-13 is a criminal statute and, therefore, it does not provide private parties with standing to procure a remedy. See Vansant, 429 S.E. 2d 31.

12. Second, § 43-13 creates a mere moral obligation.

13. Although possibly ideal given a particular set of circumstances, a mere moral obligation to do, or to refrain from doing, something does not impose civil liability if the thing was done or not done.

14. Roanoke and Gudelsky would have this Court believe that P&P has defrauded "sub-subcontractors in violation of Virginia law." (See Objection at 4).

15. But Roanoke's and Gudelsky's calculated use of the term "fraud" does nothing more than distort the issues, inject unnecessary doubt into the soundness of the proposed settlement by and between P&P and Prestige, and create an unfortunate impression of Debtor – one that is unwarranted and perhaps actionable.

16. Such behavior on the part of Roanoke and Gudelsky is not only careless, it is irresponsible.

17. As discussed above, Virginia law makes clear the inappropriateness of a private party pursuing § 43-13 as a means to collect monies it is allegedly owed. See generally, Kayhoe, 257 S.E. 2d 837.

18. In Kayhoe, a general contractor brought an action against a bank to recoup certain partial payments made by the contractor to a subcontractor as partial payment for materialmen.

19. The general contractor argued that such partial payment to the subcontractor constituted a legal trust for the benefit of materialmen having potential mechanic's lien claims, and it relied on § 43-13 as a basis for the creation of such a trust.

20. However, the Virginia Supreme Court refuted such theory:

> While this criminal statute creates a moral obligation, it contains no language creating a legal trust for the benefit of materialmen and laborers. Nor does the statute purport to affect or extend the rights and remedies otherwise available in a civil proceeding to materialmen and workmen under the mechanics' lien statutes.

Kayhoe, 257 S.E. 2d at 839.

21. Finally, as Kayhoe makes evident, Roanoke and Gudelsky should have availed themselves of the proper remedy under the circumstances – the filing of a mechanic's lien – rather than trying to mislead this Court by using damning terminology such as "fraud" in a blatant attempt to make its reliance on a criminal statute seem more convincing.

22. A quick review of Virginia law, as summarized in Prestige's papers filed with this Court, would certainly provide Roanoke and Gudelsky with the appropriate procedure to follow when they are owed monies by a subcontractor to which it has supplied materials.

### III. CONCLUSION

23. For the foregoing reasons, Prestige asks this Court to grant P&P's Motion to Approve Settlement, as such settlement agreement was lawfully entered into by and between Prestige and P&P and to grant such further relief as the Court determines is fair and reasonable under the circumstances.

**PRESTIGE CAPITAL CORPORATION,**
By its attorneys,

/s/Theodore Orson
Theodore Orson, Esq. (No. 3871)
Orson and Brusini Ltd.
325 Angell Street
Providence, RI 02906
torson@orsonandbrusini.com

and

Thanos Basdekis, Esq.
Mary Pat Statler, Esq.
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301
(*Admitted to Appear Pro Hac Vice*)

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2011, I electronically filed the within with the Clerk of the Bankruptcy Court for the District of Rhode Island Using the CM/ECF System. The following participants have received notice electronically:

Mark W. Freel, Esq. at mfreel@eapdlaw.com
Richard Land, Esq. at rland@wszlaw.com
Stephanie Howell, Esq. at showell@mclaughlinquinn.com
Vincent Indeglia, Esq. at vincent@indglialaw.com
Mark Russo, Esq. at mrusso@frlawri.com
Jason Jacoby, Esq, at jjacoby@hf-law.com
Andrew Mauck, Esq., at amauck@sthlawyers.com
Byron McMasters, Esq., at bmcmasters@duffysweeney.com
Stacy Nakasian, Esq., at snakasian@duffysweeney.com
Andrew Sherrod, Esq., at asherrod@hf-law.com

/S/ Theodore Orson