UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re: <br> P and P "Quick Sett" Services, Inc. <br> Debtor | Chapter 11 <br> Case No. 1:10-bk-14705 |

### EMERGENCY CONSENTED TO APPLICATION TO COMPROMISE

Debtor P and P "Quick Sett" Services, Inc. hereby moves, pursuant to Bankruptcy Rule **9019(a)**, for an order approving the compromise with Rockland Lease Funding Corp. ("Rockland") filed in this Bankruptcy Court on March 31, 2011. The Debtor and Rockland consent to this Application to Compromise. Debtor seeks to have this hearing on an expedited basis for the following reasons. First, if the hearing is not heard immediately a deadline by which the Debtor has to turnover certain vehicles will come and go and destroy an opportunity the Debtor has to reduce its debt. Second, the Debtor will be able to stop immediately adequate protection payments to Rockland.

In support of this Application, the Debtor states the following:

### JURISDICTION AND VENUE

1. Jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

2. Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on or about November 8, 2010.

3. The debtor's business entails road construction, and requires the use of heavy vehicles and machinery which can be expensive to maintain. Virtually all of its vehicles are

1

either leased or subject to chattel mortgages, requiring significant expenditures on a monthly basis.

4. As part of the debtor's efforts to reorganize, it has carefully reviewed its need for such equipment, and has concluded that the cost of certain vehicles significantly exceeds the benefit to the debtor.

5. Debtor is in possession of the following vehicles and equipment which it has deemed are surplus: six (6) specified trucks which are part of the equipment and collateral in which Rockland holds a valid first priority security interest; three (3) additional mixers and well as one (1) CAT Excavator Model 215CLC SN: 9YB02993; one (1) 1999 CAT Model 938G Wheel Loader S/N 6WS014666 and one (1) 1998 Trail King Trail.

6. The Debtor and Rockland have negotiated that the aforementioned collateral will be turned over to Rockland under the following terms:

**PROPOSED COMPROMISE**

7. The Debtor and Rockland each agree to the following compromise:

 a. Three (3) trucks are to be sold for $15,000.00[1] each;

 b. Three (3) additional mixers will be put into Petrowsky Auctions on April 7, 2011. [2]

 c. One (1) 1989 CAT Excavator Model 215CLC SN: 9YB02993 will be put into Petrowsky Auctions on April 7, 2011 and one (1) 1999 CAT Model 938G

---

[1] Rockland has a buyer who needs to put them on the road immediately. This is one of the reasons why the debtor has agreed to move expeditiously for the compromise to be approved.
[2] The Petrowsky Auctions are well known in the industry, and it will be some time before the next auction takes place. They are generally conducted after extensive advertising and offer the best chance to sell the vehicles quickly at a reasonable price. Placing the equipment in this auction is an essential component of this compromise.

Wheel Loader S/N 6WS014666 and one (1) 1998 Trail King Trail will be put into Petrowsky Auctions on April 7, 2011[3].

d. Rockland estimates each unit, through auction, is worth approximately $15,000.00. In order to expedite this process and provide the Debtor with sufficient consideration, Rockland has agreed to give the Debtor a minimum credit of $20,000.00 per unit against its secured claim. In the event for some unforeseen reason the aggregated proceeds from the auction are not $60,000.00, but in excess of $80,000.00, Rockland will give the Debtor the credit for the full net proceeds from auction.

e. This settlement shall also include and/or is conditioned upon Final Orders of this Court approving this settlement and the passage or waiver of any applicable appeal period.

## STANDARD

Bankruptcy Rule 9019(a) provides that upon motion and after notice and a hearing, a court may approve a compromise or settlement. *Bankruptcy Rule 9019(a)*. "Compromises are favored in bankruptcy." *Collie's on Bankruptcy* ¶ 9019.01 (*citing Marandas v. Bishop,* 160 B.R. 646 (D. Or. 1993)). The propriety of bankruptcy settlements is judged under a four-part standard. In deciding whether to approve a compromise,

> the specific factors a bankruptcy court should consider include: "(i) the probability of success in the litigation being compromised; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premise."

---

[3] Rockland estimates to bring in an additional $70,000.00 to $75,000.00 in credits to the Debtor.

3

*Jeremiah v. Richardson*, 148 F.3d 17, 23 (1st Cir. 1998) (quoting *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995)). The Court's consideration of these factors should take into account whether the compromise is fair and equitable. *Id.* The proponent of a proposed compromise bears the burden of proof and the court should defer to the trustee and his exercise of business judgment. *The Underwriters at Lloyds, London v. Chancellor Corp. (In re Adley)*, 333 B.R. 587, 608 (Bankr. D. Mass. 2005).

The Debtor in Possession recommends the compromise and Rockland agrees to it. The issues considered by the Debtor in determining whether to accept a settlement were as follows:

a. Rockland has filed a Proof of Claim in the amount of $813,809.00;

b. Rockland will be seeking adequate protection payments for the use of its collateral;

c. The continued cost of litigation of adequate protection payments was also a significant factor; and

d. A settlement at this time permits the Debtor to reduce its debt by approximately $130,000.00 and increases its cash intake by not having to pay adequate protection payments.

The compromise is fair, reasonable, and in the best interest of Debtor's estate and its creditors. The Debtor in Possession believes that the proposed settlement avoids time-consuming litigation against adequate protection payments. The Debtor in Possession has concluded that, ultimately, the benefits to the estate of compromising outweigh the risks attendant to litigating the foregoing and preserves assets for the remaining creditors. Accordingly, a compromise as set forth above is in the best interest of the estate and creditors.

In the event the Court does not approve the proposed compromise, nothing contained herein shall be deemed an admission, nor may it be used or offered in any proceeding in connection herewith and the Debtor reserves all rights and defenses.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order:

a.  Approving the Settlement Agreement as set forth above;

b.  Granting such other relief as is just and equitable.

Respectfully submitted,

/s/ Russell Raskin, Esq.
Bar No. 1880
116 East Manning Street
Providence, Rhode Island 02906
Phone: (401) 421-1363
Fax: (401) 272-4467
Email: mail@raskinberman.com


THE FOREGOING IS HEREBY CONSENTED TO BY EACH OF THE FOLLOWING:

| Rockland Lease Funding Corp. | P and P "Quick-Sett" Services, Inc. |
| By its attorneys | By its attorneys |

/s/ Harvey J. Cavayero
Harvey J. Cavayero, Esq. #____
Harvey J. Cavayero & Associates
57 Old Country Road 2nd Floor
Westbury NY 11590
hcavayero@aol.com
Tel.: (516) 478-5818
Fax: (515) 478-5817

/s/ Russell D. Raskin
Russell D. Raskin, Esq. #1880
Raskin & Berman
116 East Manning Street
Providence, RI 02906
russell@raskinberman.com
Tel.: (401) 421-1363
Fax: (401) 272-4467

## **CERTIFICATE OF SERVICE**

I hereby certify that on 04.01.11, I electronically filed the Application to Compromise with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

- Joseph Avanzato    javanzato@apslaw.com, lbreder@apslaw.com
- Timothy K. Baldwin    tbaldwin@nixonpeabody.com, bos.managing.clerk@nixonpeabody.com, proefile@nixonpeabody.com
- Mark E. Barnett    mbarnett@national-lumber.com, dsimoes@national-lumber.com
- Athanasios Basdekis    tbasdekis@baileyglasser.com
- Charles R. Bennett    crb@murphyking.com, bankruptcy@hanify.com;agl@murphyking.com;icm@murphyking.com
- Andrew R. Bilodeau    abilodeau@cdandblaw.com
- Kelly A Carden    kjohnson@cdandblaw.com
- Gary L. Donahue    ustpregion01.pr.ecf@usdoj.gov
- Mark W Freel    mfreel@eapdlaw.com, slanoue@eapdlaw.com;amauck@sthlawyers.com
- A. Neil Hartzell    neil.hartzell@leclairryan.com, thomas.mccraw@leclairryan.com
- Michelle Hawes    michelle@kdlawri.com
- Stefanie D. Howell    showell@mclaughlinquinn.com, phorton@mclaughlinquinn.com;aferris@mclaughlinquinn.com
- Vincent A. Indeglia    vincent@indeglialaw.com, betty@indeglialaw.com;VAIndeglia@frlawri.com
- Jason T Jacoby    jjacoby@hf-law.com
- Lynda L. Laing    lynn@straussfactor.com, straussfactorlaw@cs.com
- Richard J. Land    rland@wszlaw.com, joyce.gauthier@wszlaw.com;acranston@wszlaw.com;slevesque@wszlaw.com
- Andrew Mauck    amauck@sthlawyers.com
- Byron L McMasters    bmcmasters@duffysweeney.com, ehanson@duffysweeney.com
- Stacey P. Nakasian    snakasian@duffysweeney.com
- Ari Newman    newmanar@gtlaw.com, mialitdock@gtlaw.com
- Sandra Nicholls    ustpregion01.pr.ecf@usdoj.gov, sandra.nicholls@usdoj.gov
- Theodore Orson    torson@orsonandbrusini.com
- Joan E. Pilver    Joan.Pilver@ct.gov
- Thomas P. Quinn    tquinn@mclaughlinquinn.com, phorton@mclaughlinquinn.com
- W. Mark Russo    mrusso@frlawri.com, wsmith@frlawri.com
- Genevieve P Salvatore    gsalvatore@salvatorelawfirm.com
- Andrew P Sherrod    asherrod@hf-law.com
- James R. Simmons    jsimmons@nadeausimmons.com, jrouette@nadeausimmons.com
- Linda Genero Sklaren    lsklaren@wbcsk.com
- Gary L. Donahue    ustpregion01.pr.ecf@usdoj.gov
- Thomas Carlotto Esquire (tcarlotto@shslawfirm.com)

and I hereby certify that I have mailed by United States Postal Service, postage pre-paid, the document electronically filed with the court to the following non CM/ECF participants:

6

Jennifer Bush Hawkins
Potts-Dupre, Difede & Hawkins, Chtd.
900 7th Street, N.W.
Suite 1020
Washington, DC 20001

Christy Hetherington
Office of the Attorney General
State of Rhode Island
150 South Main Street
Providence, RI 02903

Vincent A Indeglia
Ferrucci Russo, P.C.
55 Pine Street
Providence, RI

Internal Revenue Service Insolvency Unit
4th Floor
380 Westminster Street
Providence, RI 02903

John A. Parmelee
99 Quaker Lane
North Scituate, RI 02857

Prestige Capital Corporation
Athanasios Basdekis, Esquire
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301

RI Division of Taxation
Bankruptcy Unit
Chief Collection Section
One Capitol Hill
Providence, RI 02903

Andrew S Richardson
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, RI 02906

State of RI - Labor and Training
Legal Department
Bldg 72 3rd Floor
1511 Pontiac Avenue
Cranston, RI 02920

Mary Pat Statler
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301

/s/BARBARA DUNNING